**UNITED STATES of America,
Plaintiff,**

v.

**1. Richard SANTIAGO, a/k/a
Chuco, Defendant.**

**Criminal Case No. 10–cr–00164–REB–01**

United States District Court,
D. Colorado.

Signed May 19, 2014

Mary M.J. Jo Menendez, Robert E. Mydans, U.S. Attorney's Office, Denver, CO, for Plaintiff.

**1000** 

Ellen Mary Barry, Ellen M. Barry, Attorney at Law, Los Angeles, CA, Michael Gary Root, Michael G. Root, Attorney at Law, David Arthur Lane, Killmer, Lane & Newman, LLP, Kathryn J. Stimson, Kathryn J. Stimson, Attorney at Law, Patrick J. Burke, Patrick J. Burke, P.C., Denver, CO, for Defendant.

## ORDER DENYING DEFENDANT RICHARD SANTIAGO'S MOTION TO COMPEL THE GOVERNMENT TO ELECT ONE COUNT OF THE SUPERSEDING INDICTMENT [# 267] BECAUSE THE INDICTMENT IS MULTIPLICITOUS

Blackburn, Judge.

The matter before me is **Defendant Richard Santiago's Motion To Compel the Government To Elect One Court of the Superseding Indictment [# 267] Because the Indictment is Multiplicitous [# 645],**[1] filed December 12, 2012. I have considered all relevant adjudicative facts in the file and record of this case and all facts to which there is no express or implied objection. I have considered, but not necessarily accepted, the reasons stated, arguments advanced, and authorities cited by Mr. Smith ·and by the government in their extant briefs. I deny the motion.

Mr. Santiago is charged by superseding indictment with two counts of murder in the April 21, 2005, death of Manuel Torrez at the United States Penitentiary Administrative Maximum Facility in Florence, Colorado. Count 1 charges Mr. Santiago with murder by a federal prisoner, in violation of 18 U.S.C. § 1118, while Count 2 charges him with first degree murder, in violation of 18 U.S.C. § 1111(a) & 2(a). Mr. Santiago maintains that these two counts are multiplicitous and that the government should be required to elect one of the two charges on which to proceed to trial. *See United States v. Johnson,* 130 F.3d 1420, 1426 (10th Cir.1997) (when confronted with multiplicitous counts, court has discretion either to dismiss multiplicitous counts or require the government to elect between them before trial, or to vacate one of the multiplicitous convictions after trial), *cert. denied,* 525 U.S. 829, 119 S.Ct. 78, 142 L.Ed.2d 61 (1998).

 Counts of an indictment are considered multiplicitous when, although separately charged, they are based on the same criminal behavior. *United States v. Jenkins,* 313 F.3d 549, 557 (10th Cir.2002), *cert. denied,* 538 U.S. 1006, 123 S.Ct. 1917, 155 L.Ed.2d 838 (2003); *United States v. Fleming,* 19 F.3d 1325, 1330 (10th Cir.), *cert. denied,* 513 U.S. 826, 115 S.Ct. 93, 130 L.Ed.2d 44 (1994). Multiplicity implicates the Fifth Amendment guarantee against double jeopardy, insofar as it poses a "threat of multiple sentences for the same offense" and also "may improperly suggest to the jury that the defendant has committed more than one crime." *United States v. Morehead,* 959 F.2d 1489, 1505 (10th Cir.1992).

"Where multiple counts for which a defendant is convicted cover the same criminal behavior, our review is limited to whether Congress intended multiple convictions and sentences under the statutes." *Id.* at 1506. The starting point of the analysis is the language and legislative history of the statutes. *Id.* When, as here, Congress has not specified that a defendant can be charged under both statutes for the same conduct, the court applies the well-settled rule of statutory construction set forth in *Blockburger v.*

---

1. "[# 645]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *United States v. Rentz,* 735 F.3d 1245, 1253 (10th Cir. 2013), *pet. for reh'g en banc granted* (Apr. 18, 2014). Under that test,

> where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger,* 52 S.Ct. at 182. *See also Morehead,* 959 F.2d at 1506 ("[W]e presume, absent express Congressional intent to the contrary, that Congress intended multiple convictions and sentences for the same criminal behavior which violates more than one statute when each statute requires proof of a fact that the other does not."). The court thus focuses on the statutory elements of each offense " 'notwithstanding a substantial overlap in the proof offered to establish the crimes.' " *Rentz,* 735 F.3d at 1253 (quoting *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975)).

■ The crime of first degree murder as proscribed by 18 U.S.C. § 1111 requires proof of the following essential elements: (1) the unlawful killing of a human being; (2) with malice aforethought; (3) within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 1111(a) & (b). Murder by a federal prisoner under 18 U.S.C. § 1118 is composed of the following essential elements: (1) the commission of first or second degree murder,[2] as defined in 18 U.S.C. § 1111(a); (2) by a person confined to a federal correctional institution under a sentence of life imprisonment. 18 U.S.C. § 1118. Mr. Santiago does not appear to contest that the requirement under section 1118 of a pre-existing life sentence is an element unique to that crime. He maintains, however, that the jurisdictional element of section 1111(b) must be disregarded for double jeopardy purposes.

Mr. Santiago's argument is premised on the Fifth Circuit's decision in *United States v. Gibson,* 820 F.2d 692 (5th Cir. 1987). In that case, the court addressed a double jeopardy challenge to convictions under two federal robbery statutes.

> We do not believe ... that the differences [between the statutes] here would satisfy the intended purpose of the *Blockburger* test. In *Blockburger* itself, the two facts to be proven constituted two evils that Congress sought to combat.... By contrast, in the instant case one of the two facts to be proven under one section but not the other is strictly jurisdictional: that the crime occurred within United States jurisdiction. As one writer on the subject has stated, "when offenses differ only because they have different jurisdictional bases they should not be punished cumulatively." A jurisdictional fact, while a prerequisite to prosecution under a particular statute, is not in itself an evil that Congress seeks to combat.

*Id.* at 698 (internal citation omitted). Subsequently, a panel of the Fifth Circuit relied on *Gibson* to conclude, with respect to the two statutes implicated here, that "jurisdictional elements do not count for double jeopardy purposes" and therefore that prosecution for "Federal Murder [under 18 U.S.C. § 1111] ... is the same

---

2. I reject the government's suggestion that the *Blockburger* test is satisfied because section 1118 also may be violated by the commission of murder in the second degree, whereas section 1111 is implicated only on proof of first degree murder. The government in this case clearly has charged that Mr. Santiago is guilty of first degree murder under section 1118. It's election of that theory is not mere surplusage that may be disregarded.

offense for double jeopardy purposes as Murder by a Federal Prisoner [under 18 U.S.C. § 1118]." *United States v. Agofsky,* 458 F.3d 369, 372 (5th Cir.2006), **cert. denied,** 549 U.S. 1182, 127 S.Ct. 1149, 166 L.Ed.2d 998 (2007).

The holding of *Gibson* has been much criticized, however. In *United States v. Hairston,* 64 F.3d 491 (9th Cir.1995), the Ninth Circuit considered the same two robbery statutes at issue in *Gibson,* but reached the exact opposite conclusion:

> . . . . We disagree with *Gibson*'s underlying premise that, in this case, the jurisdictional element does not address a separate evil.
>
> Gibson views § 2111 as a robbery statute, treating the jurisdictional element as purely incidental. This assumption ignores the fact that Congress may have strong interests in treating crimes occurring within the jurisdiction of the United States differently from those occurring elsewhere. Thus, the jurisdictional element of a statute like § 2111 must be given substantive weight in making the Blockburger analysis.
>
> To begin with, the United States, like any other property owner, has an interest in protecting the safety of persons who enter upon its property. Strong symbolic reasons also dictate treating offenses within the jurisdiction of the United States differently. An ordinary crime may take on more significance if it occurs, for instance, in front of the White House, in a federal courtroom, in a national park, or on a military base; it injures not just the individual victim, but larger national interests . . . .

Thus, we do not share *Gibson*'s assumption that a jurisdictional element does not reflect a legislative intent to combat a separate evil. Because the jurisdictional element may do just that, we see no reason to alter the *Blockburger* analysis.

*Id.* at 496. The handful of federal district courts to have considered the double jeopardy implications of sections 1111 and 1118 have relied on this analysis in concluding that the statutes charge separate crimes and are not multiplicitous. *See United States v. Andrews,* 2014 WL 838171, at *5–6 (N.D.W.Va. March 3, 2014); *United States v. Sablan,* 976 F.Supp.2d 1190, 2013 WL 5423621 (E.D.Cal. Sept. 26, 2013). Indeed, the *Agofsky* court itself cited to *Hairston* and noted that it too had "concern[s] with the reasoning of *Gibson,*" but found itself bound to follow *Gibson* absent countervailing decision by the en banc Fifth Circuit or the United States Supreme Court. *See Agofsky,* 458 F.3d at 372.

Although none of these precedents is binding on this court, I find the better reasoned position to be that espoused in *Hairston* and its progeny. The jurisdictional requirement of section 1111 is not inconsequential, but instead, is a distinct element that must be proven, and therefore must be given substantive weight in the *Blockburger* analysis. *See Hairston,* 64 F.3d at 496; *Sablan,* 2013 WL 5423621, at *3. Nor is the jurisdictional element redundant—the mere fact that a murder takes place at a federal correctional facility does not necessarily mean that it occurs within the territorial jurisdiction of the United States. *See Andrews,* 2014 WL 838171, at *4–5; *United States v. Stone,* 2013 WL 6185169, at *2–3 n. 3 (E.D.Cal. Nov. 26, 2013). Moreover, section 1118 contains its own punishment clause and does not rely on section 1111 to determine the appropriate sentence, further indicating "that Congress intended to 'punish two separate evils,' not one." *Sablan,* 2013 WL 5423621, at *4 (quoting *Hairston,* 64 F.3d at 495).

Ultimately, therefore, I conclude that under *Blockburger* the two crimes are distinct and not multiplicitous. For these reasons, Mr. Santiago's motion must be denied.

**THEREFORE, IT IS ORDERED** that Defendant Richard Santiago's Motion To Compel the Government To Elect One Count of the Superseding Indictment [# 267] Because the Indictment is Multiplicitous [# 645], filed December 12, 2012, is DENIED.